UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| INTERMOUNTAIN FAIR HOUSING COUNCIL, INC., <br><br> Plaintiff, <br><br> vs. <br><br> NORMAN MANOR APARTMENTS, LLC, BRANDON BALES, and TRINA WORTHINGTON, <br><br> Defendants. | CASE NO. CV 4:14-cv-00363-EJL-REB <br><br> CONSENT ORDER |

## I. INTRODUCTION

### A. Background

1. This Consent Order is entered between the Plaintiff Intermountain Fair Housing Council, Inc. and the Defendants Norman Manor Apartments, LLC, Brandon Bales, and Trina Worthington.

2. The real property that is the subject of this action is the Norman Manor Apartments, a multifamily apartment complex located at 1361 Park Avenue, Burley, Idaho 83318 (hereinafter "the Subject Property").

CONSENT ORDER                             1

3. This action is brought by the Plaintiff for declaratory judgment, permanent injunctive relief and damages on the following bases: Count One—Discrimination on the basis of "handicap" in violation of the Fair Housing Act (hereinafter "FHA") and its implementing regulations; Count Two—interference, coercion or intimidation in violation of the FHA and its implementing regulations; and Count Three—negligence.

### B. Parties

1. The Plaintiff is a private nonprofit corporation organized under the laws of the State of Idaho with its principal place of business at 5460 W. Franklin Road, Suite M, Boise, Idaho 83705. Its mission is to advance equal access to housing for all persons without regard to race, color, sex, religion, national origin, familial status, or disability, and to increase the pool of accessible housing available to the disabled. The Plaintiff serves persons with disabilities through, among other things, education on the fair housing laws, assistance with complaints, and referrals to accessible properties. The Plaintiff also provides education and outreach on fair housing laws and practices to housing consumers, housing providers, builders, architects, and others.

2. The Defendant Norman Manor Apartments, LLC is the owner of the Subject Property. The Defendant Brandon Bales is a member of the Defendant Norman Manor Apartments, LLC. The Defendant Trina Worthington is an employee of the Defendant Norman Manor Apartments, LLC.

### C. Applicable Legal Requirements

1. The relevant portions of the FHA prohibit the following:

   a. Discrimination in the sale or rental, or otherwise made unavailable, a dwelling because of "handicap", 42 U.S.C. §3604(f)(1);

b. Discriminatory terms, conditions or privileges in the sale or rental of a dwelling because of "handicap", 42 U.S.C. §3604(f)(2);

c. Refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling, 42 U.S.C. §3604(f)(3)(B);

d. Making, printing or publishing a notice or statement with respect to the sale or rental of a dwelling that indicates a preference, limitation or discrimination based on "handicap", 42 U.S.C. §3604(c); and

e. Interference, coercion or intimidation, 42 U.S.C. §3617.

2. The prohibition on negligent actions requires individuals to use reasonable care to avoid injury and to prevent unreasonable, foreseeable risks of harm to others.

## D. Consent of the Parties to Entry of this Order

1. The parties to this proceeding agree that this Court has jurisdiction over the subject matter of this case pursuant to 42 U.S.C. §3613 and 28 U.S.C. §§1331, 1337, 1343 and 2201. The parties further agree that this controversy should be resolved without further proceedings and without an evidentiary hearing.

2. The Defendants deny that they have violated the law, and this Consent Order does not constitute any admission of liability on the part of the Defendants.

3. As indicated by the signatures appearing below, the parties hereto agree to entry of this Consent Order.

## IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

**A. Monetary Damages.** The Defendants will pay within thirty (30) days of the entry of this Order the total sum of TWENTY-FIVE THOUSAND AND NO/100 DOLLARS ($25,000.00) in monetary damages to the Plaintiff Intermountain Fair Housing Council, Inc.

**B. Fair Housing Education.** The Defendants shall obtain 2-3 hours of fair housing training each year for the years 2014, 2015 and 2016. Said training courses shall to be provided free of charge by the Plaintiff or by a different provider to be pre-approved by the Plaintiff.

**C. Change of Policy.** The Defendants shall maintain a policy with regards to applicants and tenants with service animals which complies with the Fair Housing Act, 42 U.S.C. §3601 *et seq.*, as well as its implementing regulations, including not charging fees or deposits on such service animals, and shall adopted a written non-discrimination policy.

**D. Refund of Service Animal Deposits.** The Defendants shall refund all fees collected for service animals to the owners of such animals from the time Norman Manor Apartments LLC took ownership of the Subject Property.

**E. Withdrawal of Administrative Complaints.** The Plaintiff shall withdraw any and all fair housing complaints currently pending with the United States Department of Housing and Urban Development (hereinafter "HUD") arising out of, resulting from, or connected with actions and events that are at issue in this action in the event that it has not already done so, and it shall not refile such complaints with HUD or any other government entity.

**F. Duration of Order and Termination of Legal Action.**

1. This Consent Order shall remain in effect for thirty-six (36) months after the date of its entry.

2. The complaint filed in this proceeding is dismissed with prejudice. The Court, however, shall retain jurisdiction for the term of this Consent Order to enforce the terms of this Order.

**G. Attorney's Fees and Costs.** Each party hereto shall bear its own attorney's fees and costs associated with this action. However, any party hereto may seek judicial enforcement of this Consent Order. Should any party initiate litigation to enforce the terms of this Agreement, the prevailing party shall be entitled to an award of its attorney's fees and costs incurred in such action.

[Court shall add date and signature block for presiding judge here]

Dated: **March 17, 2015**

Honorable Edward J. Lodge
United States District Judge

CONSENT ORDER        5

AGREED TO BY THE PARTIES AND THEIR ATTORNEYS, AS INDICATED BY THE SIGNATURES APPEARING BELOW:

INTERMOUNTAIN FAIR HOUSING COUNCIL, INC.:

By: _____  Date: 3/9/15
Zoe Ann Olson
Executive Director, Intermountain Fair Housing Council, Inc.

_____  Date: 3/9/2015
KEN NAGY
Attorney for Plaintiff

NORMAN MANOR APARTMENTS LLC:

By: _____  Date: 3/6/15
Brandon Bales
Member

_____  Date: 3/6/15
BRANDON BALES

_____  Date: _____
TRINA WORTHINGTON

_____  Date: 3-6-15
SHAWN P. BAILEY
Attorney for Defendants

AGREED TO BY THE PARTIES AND THEIR ATTORNEYS, AS INDICATED BY THE SIGNATURES APPEARING BELOW:

INTERMOUNTAIN FAIR HOUSING COUNCIL, INC.:

By: _____  Date: _____
    Zoe Ann Olson
    Executive Director, Intermountain Fair Housing Council, Inc.


_____  Date: _____
KEN NAGY
Attorney for Plaintiff


NORMAN MANOR APARTMENTS LLC:

By: _____  Date: _____
    Brandon Bales
    Member


_____  Date: _____
BRANDON BALES


_____/s/ Trina Worthington_____  Date: 3/6/15
TRINA WORTHINGTON


_____  Date: _____
SHAWN P. BAILEY
Attorney for Defendants

CONSENT ORDER             6